## Schwartz Petition

*Harry R. Wexelblatt,* for petitioner.

ULLMAN, J., November 8, 1963.—This is the petition of Rebecca Schwartz to establish a legal presumption of the death of her husband, Jacob M. Schwartz, on the ground that more than seven years have elapsed since his disappearance, and seeking an order authorizing petitioner to execute a deed to real estate owned by petitioner and the absentee as tenants by the entireties.

The court heard the testimony of petitioner, Rebecca Schwartz; Marcella Feder, adult daughter of petitioner and absentee; and Harry A. Demar, Esq., brother of petitioner. The testimony establishes that on April 13, 1956, Jacob M. Schwartz left for work at his regular place of employment, the Philadelphia Inquirer, Broad and Callowhill Streets, Philadelphia. He was last seen by fellow employes at approximately 4 p.m. the same day, when he entered the washroom at his place of employment. He has not been seen or heard from since that time.

Investigations by the police and Mr. Schwartz's employer proved fruitless. The absentee was a member of the Mailers Union. The union joined in the search but was unable to discover any trace of the absentee. Mr. Schwartz's insurance company was notified and their investigation failed to produce any lead to the whereabouts of Mr. Schwartz. The Missing Persons Bureau was consulted with the same result. An inquiry of friends and relatives revealed that Mr. Schwartz had not been seen or heard from subsequent to his disappearance on April 13, 1956. Neither the records of the armed forces nor of Social Security gave any light as to his whereabouts. In spite of a continuing, detailed search, Jacob M. Schwartz could not be found.

Petitioner advertised notice to the absentee in a newspaper of general circulation in Philadelphia County and in the legal journal of Philadelphia County, once a week for four successive weeks, and proof of advertising was offered, together with proof of nonmilitary service to show that the absentee was not a member of any of the branches of the armed services of the United States since April 13, 1956.

We have no reason to doubt the testimony of petitioner and her witnesses, and we accept their testimony as verity. We also believe that a diligent and exhaustive search has been conducted and conclude that

all available means to locate the absentee have been exhausted. Although the evidence establishes the disappearance of the absentee for a period in excess of seven years, it does not establish that the absentee was exposed to any special peril during that period. Where it is not shown that an absentee was exposed to some special peril during the period of his absence, the presumption of death is taken to run from the termination of the seven-year period. In other words, the presumption is that the absentee has died at the end of seven years. See Ryan v. Prudential Insurance Company of America, 135 Pa. Superior Ct. 166, 4 A. 2d 812 (1938).

The court notes that Jacob M. Schwartz left no estate. However, he did own a certain piece of real estate together with Rebecca Schwartz as tenants by the entireties. Rebecca Schwartz now desires to sell the real estate and to recover the proceeds of the sale.

The Revised Price Act of June 7, 1917, P. L. 388, as amended by the Act of August 5, 1941, P. L. 824, 20 PS §1561 to §1563, clearly and specifically gives this court the power to authorize or confirm the sale of real estate by a surviving spouse where the other spouse is legally presumed to be dead.

We have been referred to the case of Muschlitz v. Kalman, 85 D. & C. 341 (1952). We have read that case carefully, and we do not find it to be contra to our holding in the matter now before this court. In the Muschlitz case, plaintiff sought a declaratory judgment as to the right and power of defendant, a surviving spouse whose husband had been declared a presumed decedent by the orphans' court, to convey to plaintiff a good and marketable title to certain real estate. The facts involved are not dissimilar to those now before us. In Muschlitz, however, a petition was brought in the orphans' court under provisions of the Fiduciaries Act of June 7, 1917, P. L. 447. The presumed decedent left no estate but did leave a piece of real estate which

he owned with his spouse as tenants by the entireties. Since the real estate passed to the surviving spouse by reason of survivorship and not through the estate of the presumed decedent, an order of the orphans' court declaring the absentee a presumed decedent and authorizing the issue of letters of administration did not grant to the surviving spouse the right and power to convey good title to the real estate free and clear of any claim or interest of her husband, the presumed decedent, for the reason that the orphans' court had no jurisdiction over the property in question. The court pointed out that an appropriate remedy was provided by the Revised Price Act. This remedy was properly pursued in the instant case.

### Decree

And now, to wit, November 8, 1963, upon hearing in open court, proof of publication of notice of hearing in compliance with act of assembly and rules of court having been presented, it is decreed that the legal presumption of death of Jacob M. Schwartz, also known as Jack M. Schwartz, is made out and established as of April 13, 1963:

That Rebecca Schwartz, wife of the presumed decedent, Jacob M. Schwartz, also known as Jack M. Schwartz, is hereby authorized to sell, convey and execute all deeds and any other documents necessary to the sale and conveyance of real estate held in the name of Rebecca Schwartz and Jacob M. Schwartz, also known as Jack M. Schwartz, as tenants by the entireties, and to receive the proceeds therefrom.